The next case calls for a warrant in the name of Volkmann v. Volkmann. Good. Thank you.  May it please the court, opposing counsel. First and foremost in this case is the principle that was stated in the Rifkin case, the 1983 1st District case, that the court can only act in a judgment of dissolution matter within the limited jurisdiction conferred by the Illinois Marriage and Dissolution of Marriage Act. It does not have unlimited jurisdiction that was conferred by the Constitution. The Rifkin case lays this out. There was another case that says essentially the same thing. I didn't redundantly put that in my brief. It's Belzac v. Ruby, a 2006 2nd District case, and that case also says that. In addition, it says subject matter jurisdiction cannot be conferred by consent, stipulation, or waiver, which is kind of the following for that. That's the starting point for purposes of a judge entering a judgment of dissolution. It has to be based on one of the statutory grounds that's stated in the IMDMA under Section 401 of the Illinois Marriage and Dissolution of Marriage Act. With respect to this particular set of facts, in this case, they had a stipulation that was signed on – in January of 2011. And they had a petition for dissolution that was signed on December 1st of 2010, which specifically stated that the period of separation had begun on August 1st of 2010. And they had a judgment of dissolution, which also specifically stated that the period of separation had begun on August 1st of 2010. Nobody went to court except for the attorney for the petition. There was no testimony. There was no evidence deduced. There was no counterpetition which stated any different day of separation in this matter. The only evidence that the court had in front of it as far as the date of separation was August 1st of 2010. On January 27th of 2011, five months, 27 days afterward – not six months, but five months, 27 days – the judge signs the judgment of dissolution. The question then becomes, did the court have subject matter jurisdiction in this case? The language in the stipulation and affidavit specifically states, to be precise, it states that – and this is key as far as the language in the stipulation and affidavit as to what its effect means – it specifically states that – that said parties have lived separate and apart for a period of not less than six months next preceding the entry of the judgment of dissolution of marriage. I submit that the stipulation is not contrary to the language in the petition and in the judgment. The stipulation talks about next preceding the entry of the judgment, and in analyzing that to determine whether or not parties had been separated of six months at that point in time or it was intended to be at some point in the future, I think the language of next preceding is demonstrative. Even if you don't agree that the language in and of itself is demonstrative, the facts surrounding it are, there is no specific date in the stipulation stating when they became separated. There is no period of time from which to begin that. And the court's finding in this matter I think is against – is contrary to what the stipulation intended. It's contrary to what all of the other evidence in the file, including the petition, the judgment, and the attorney for the plaintiff's notes, all said with respect to the date of separation beginning August 1st of 2010. How do you distinguish the Fields case from this set of facts? In Fields is essentially the opposite of this case. In Fields, there was testimony put on with respect to a period of separation in excess of six months with the other party sitting right there. And there was no written stipulation and waiver in Fields, and that's the basis upon which the court said you can have a six-month period of separation. You don't have to have a written waiver in order to do that. There was testimony about the six-month period done at approval. There was no approval in this case. And the evidence that the court had in front of it in Fields in testimony was they were separated in excess of six months. It's just after the fact one of the parties said, hey, this should be vacated because the statute specifically requires a written stipulation and waiver. Here we have the opposite. We have a written stipulation and waiver which does not specifically state the date of separation, which talks about the judgment of dissolution being entered at some point in the future at which point they will be separated in excess of six months. And we didn't have approval. The key to this is there's only two possibilities with respect to that stipulation. There's either one, they were separated in excess of six months at the time they signed the stipulation, or two, they were not separated in excess of six months at the time they signed the stipulation but anticipated they would be separated in excess of six months by the time the judgment of dissolution was entered. I submit that it's the second for a couple of reasons. First of all, you have the petition, the judgment, and the attorney's notes, which was testified to in open court in this case, which all said August 1st. But on top of that, you have the language of the stipulation itself. And lastly and most important of all is if there was a separation period in excess of six months at the time they signed it, that would mean that the husband was 25 days off in his statement that it wasn't August 1st. It must have been as early as July 6th because that would be exactly six months prior to the time he signed it on January 7th. And the wife would have been 18 days off because she signed it on January 14th. So she would have been in error by 18 days if you believe that the parties were already separated at the time they signed the stipulation. She filed the petition, right? She filed the petition. She did, yes, Your Honor. So how is she now to stop from now asserting some deficiency on the subject matter jurisdiction? As far as her accepting the benefits of this, that was not pled at the trial court level. The estate did not seek to intervene in this matter and did not raise that issue. If they had, we would have put on fact evidence with respect to all of the things that are required for purposes of an estoppel argument. What benefits did she accept, et cetera, et cetera. So I submit it was waived. Even if it wasn't waived, they got back together. They got back together within a month, and she didn't leave within a month after the judgment of dissolution was signed. They continued sharing all of their stuff. They never divided up the bank accounts. They never took any steps to further what was required in the judgment of dissolution, so she hasn't accepted anything in that regard. That would be my response, and that would have been my response if that issue had been raised at the trial court level. But like I said, that was never raised. The other issue that's kind of looming in the background with respect to the belief that this was – that they were not separated in excess of six months at the time that the stipulation and waiver was signed is that there was nothing as far as a court date set at the time that they were separated. The only court date that had been set was the pre-trial, and both of them, when they signed it, the petitioner in her attorney's office and the wife in her attorney's office and the husband, when they signed it, they had no expectation that they were going to court that day. They signed it on different days. The wife did not sign it at the courthouse. She did not – she did not – was not told to appear for approval. There was no approval. So both of them knew full well that this was going to be entered on a date other than the date that they signed it. And with respect to that, there's a case that I quoted in my brief called Entering the Marriage of Assembly. The whole point of this – it's not just some academic exercise. The whole purpose of this is to make sure – to protect against the possibility that the parties might reconcile during this six-month period of separation. That's the whole point of it. And lo and behold, what happens within a month, the very next month in February of 2011, they get back together, and they're living as husband and wife. And they're sharing all the assets that they had previously divided in the judgment of dissolution. The whole point of the similar case is that you give them the opportunity to do this to make sure this is something that they want to continue doing. The waiver period starts out as two years. Yeah, you can waive it down to six months, but the point is that you have to be given the opportunity to make sure that what you're doing is what you want to do because you're talking about entering a judgment of dissolution. And I submit that that was defeated in this case, that they did get back together in short order right after the judgment of dissolution was signed by the judge. And that is – that also is telling with respect to why we have the rules that we have with respect to sections 401 requirement that we're going to give you a no-fault judgment of dissolution, but if it's going to be not on any fault grounds, you have to be given the opportunity to make sure that this is what you want, that you'd be given the opportunity to reconcile, that if you know you're not going to be able to reconcile after a six-month cooling-off period, so to speak, only then and there will we grant a judgment of dissolution on subject-matter jurisdiction grounds. And that leads me to my – to the point with respect to subject-matter jurisdiction, and that is this. It goes back to what I was saying in the beginning, is that Rifkin and Felsak say this isn't just some minor little defect. This is subject-matter jurisdiction, and it's a void order, and a void order can be vacated at any point in time. One of the things that the estate raised both at – before the judge at the trial court level, even though they weren't allowed to participate, they did get to talk – speak to the judge at that point in time. And also in their brief is, oh, but wife is only doing this because she stands to inherit. Either you have subject-matter jurisdiction or you don't. Intentions mean nothing as far as that part of it is concerned. The court – it's never been a requirement for purposes of subject-matter jurisdiction to analyze what a party's intent is for seeking a judgment of dissolution, for moving a vacated order that may be void on its face. That's never been a part of the requirements with respect to that. It doesn't matter whether she stands to benefit or not. And they were essentially living and sharing all of the assets even after the judgment of dissolution was signed as husband and wife anyway. So I submit that the intentions that the estate will try to describe to the wife in this case are improperly placed for two reasons. One, because they had been living as husband and wife up until the judgment of dissolution was signed and then shortly after get back together and still do the same thing they were doing before the judgment of dissolution. And secondly, intentions don't have any effect with respect to subject-matter jurisdiction. A court either has it or it does not. And in this particular case, five months and 27 days is what the period of time was between the time the judgment of dissolution was entered. But more importantly, the trial court found, and I think they had to find, that it's only one of two things. And this is that there was a period of separation prior to the time they signed the stipulation, which is 25 days short on the husband, 18 days short on the wife, or there was not. It doesn't matter that it was only five days short of the six months. The court's ruling was that it was 25 days earlier than what the initial petition for dissolution stated on August 1st being the date of separation, what the judgment stated on August 1st being the date of separation. What the plaintiff's attorney's notes stated as being the date of separation. All of those things is what the court would have to not believe, even though all of those things are contrary to what the general language that's stated in the stipulation is different than what the specific date that's stated in the petition for dissolution, the judgment of dissolution in the attorney's notes. And I submit that using contract law, the specific dates that are stated in the petition, that are stated in the judgment, that are stated in the attorney's notes are more credible and should be used as a better litmus test for determining the date of separation than the general blanket stipulation that the parties signed on whatever date at some point knowing it was prior to the date the judgment of dissolution was actually going to be entered. And in that respect, we ask this court to reverse the trial court's decision and to vacate the judgment of dissolution that was entered in this matter and dismiss the matter. The husband ultimately committed suicide. There would be no pending petition for dissolution at that time. Thank you. Counsel? My name is Dan Yonker. I represent the estate, which consists of the deceased mother and two brothers who were awarded or allowed leave to intervene into this dissolution proceeding. First of all, we do not agree with counsel that the six-month period is short, three days or eight days or seven days or whatever they're claiming. If you look at the petition for dissolution of marriage, which was filed by the lady that wants to set this aside, she filed a sworn statement in her petition that they cohabited and lived together until on or about August 1, 2010. She did not swear that they lived together until August 1, 2010. She said they cohabited and lived together until on or about that time. She was the petitioner. She asked for this dissolution of marriage. Now, the stipulation, which is also verified by an Old Republic under oath and affidavit, affirmatively states that they lived separate and apart not less than six months next preceding the entry of judgment. Well, obviously the stipulation was signed by both parties before the judgment was entered, but they're stating affirmatively, and Michelle Volkman is stating, she's the one that wants to set this aside, she's stating affirmatively they lived separate and apart. You can read the stipulation, not less than six months. Now, this has to be a binding judicial admission. It's a pleading under oath, and now she's attempting to assert a contrary position. She should be bound by her judicial admission. Now, the judgment was entered on January 27, 2011. Now, the statute, Section 401, allows either affidavits or sworn testimony. You don't have to have testimony of witnesses to prove up a dissolution. As to the six-month period, no testimony was taken. The only evidence before the court, and this is the issue we're here on, we're not here with 20-20 hindsight to second-guess, but what was the evidence before the court at the time the judgment was entered? Very simply, the stipulation of the parties that they lived separate and apart for six months, continuously, next preceding the making of the findings. Now, the court found in the judgment of dissolution that they cohabited and lived together until on or about August 1, 2010. Now, we do not believe that the calendar approach as suggested by counsel is the way to go. You have to read the judgment as the court made the findings, that they cohabited and lived together until on or about August 1, 2010. It doesn't mean they separated on August 1, 2010. Therefore, that's less than six months. The court found that this was a negotiated agreement. That is in the judgment. Both parties provided input. Both parties had counsel at that time. It wasn't me, but both parties had counsel. So we contend that there is subject matter jurisdiction, or there was subject matter jurisdiction at the time the judgment was entered. Okay. At any rate, this is a final judgment. More than 30 days have passed. The record indicates that an estate was opened up without a will, an intestate estate, and the administrator was the brother of the deceased. He was appointed administrator, and the heirs are the two brothers and the mother, pursuant to statute, when there is no will. His client, Michelle Hoffman, attempted to probate an unwitnessed will. That was denied in probate. The next step she takes after she was denied probate of an unwitnessed will, she files this motion to vacate the judgment. After 30 days had passed. I mean, the doctrine of judicial estoppel should prevent this type of activity. This doctrine prevents a litigant from taking two inconsistent positions to achieve a monetary gain. The doctrine of judicial estoppel serves to protect the integrity of the courts. Even if the court finds a lack of subject matter jurisdiction, which we do not agree with, that we feel there was subject matter jurisdiction because of the on or about separation date, the on or about language, she should be barred from setting aside this judgment. Now, the court did mention the Fields case, which we believe is directly on point and identical to this situation. In Fields, as in here, the petitioner, in both cases, the petitioner filed a petition for dissolution of marriage, alleging a six-month separation. He did not object. The Fields court, of course, held that procedural deficiencies do not divest the court of subject matter jurisdiction. The Munkin case, which is cited in my brief, also is directly on point. The trial court found a six-month living separate and apart finding. In Munkin, there was no written waiver of the two-year waiting period, and it was challenged on the basis of subject matter jurisdiction. Once again, the party that now wants it set aside failed to object. The Munkin court, which was the Fifth District court, and I'm sure you're familiar with that, Your Honor, you wrote, well, you concur, stated that one who accepts the benefits of the divorce should be stopped from challenging the validity, even if there is a lack of subject matter jurisdiction. We feel that Fields and Munkin are directly on point and that the judgment of the trial court should be affirmed. Thank you. Thank you, counsel. Thank you, Your Honor. One of the points about honor about the language being in the petition and the judgment with respect to August 1st of 2010, this is significant for purposes of the 25 days. That's why I raised the fact that if the trial court's decision is correct, it would make a 25-day difference. That is not honor about. Honor about might be a few days, but not 25 days as far as that part of it is concerned. And both parties agreed to the judgment of dissolution. Yes, it was the petitioner who initially petitioned the court on December 1st, 2010, long after the period of separation had begun, but it was both parties who signed off on the judgment of dissolution. It's both parties who knew that not only the judgment of dissolution specifically referred to honor about August 1st of 2010, but it was twice in there. It also referred to the petition, which referred to August 1st of 2010. So the husband was specifically apprised of the date of separation as stated both in the judgment and in the petition because it referred to it. We agree with respect to the point that the stipulation is a binding judicial admission. Absolutely. There's no question about that. But it doesn't say we have been separated in excess of six months. It says the parties will have been separated next preceding entry of the judgment whenever that may be. That's what the language is in the stipulation. And with respect to that, it doesn't necessarily commit to six months at the time they signed it. As far as attempting to probate the will by my client, that, again, that's intent. That has nothing to do with whether the court has subject matter jurisdiction or not. Either the court has it or they don't. And as far as Fields is concerned, the Fields court does say that procedural deficiencies are not going to be enough to vacate it. This is not a procedural deficiency. This is a substantive deficiency with respect to Section 401's requirement that the parties be separated in excess of six months. This is not just some little procedural error that the court can overlook. And as far as judicial estoppel is concerned, and this will be my last point, that was not raised at the trial court level. It was not argued at the trial court level. The state did not seek to intervene at the trial court level and make that point. That is all the way. And, again, my client did not accept any benefits associated with the judgment of disillusion because they lived together within a month after the judgment was actually signed by the judge. On January 27th, they moved back in together in February of 2001. And as a result of that, that issue was not raised at the trial court. It was waived. On top of that, even if it had been raised and waived, we would have presented an argument and testimony that they shared everything, that they acted like husband and wife just as they had before that judgment of disillusion was signed a couple of weeks earlier, and that they both had access to each other's property. They didn't even divide up the bank accounts. They didn't divide or transfer any titles to any assets. In fact, one of the claims that the estate made after the fact was that my client was in contempt for not transferring titles. There's a petition to show cause in the file with respect to that. So their claim that she accepted the benefit is contrary to their petition saying that she didn't transfer the title to him. So with respect to that, that would be my response to the judicial staff position. Thank you. Thank you. I appreciate the brief argument. Counsel, and we will take the case under advisement. There are no further oral arguments scheduled at this point, so we're adjourned. All rise.